AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, v. KATHLEEN KITTINGER, Defendant-Appellant (Thomas H. Stricklin, Defendant).

First District (2nd Division)   No. 85—2798

Opinion filed August 12, 1986.

Moira S. Johnson, of Benjamin & Shapiro, Ltd., of Chicago, for appellant.

Jerome H. Torshen, Ltd., and Garretson & Santora, both of Chicago (Jerome H. Torshen, Abigail K. Spreyer, and James K. Genden, of counsel), for appellee.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff, American Family Mutual Insurance Company (American), brought a declaratory judgment action against defendants Kathleen Kittinger and Thomas H. Stricklin. The action asked the circuit court to construe an automobile insurance policy purchased by Stricklin. The court found that Kittinger was excluded from coverage and granted plaintiff's motion for summary judgment. Only Kittinger appeals, and she claims that the policy is ambiguous and, therefore, must be construed in her favor.

On October 4, 1978, defendant Kittinger was the driver of an automobile involved in an accident in Chicago. She filed suit against the driver of the other car seeking damages for her personal injuries. (Kittinger v. Rosado, No. 80 L 4995.) At the time of the accident, defendant was living with her sister and brother-in-law, defendant Thomas H. Stricklin. She also owned a car, a 1978 Oldsmobile Omega, which was totally destroyed in another accident in 1982. That accident is not at issue here.

When Kittinger discovered that the other driver, Maria Rosado, was not insured, she filed a claim under the uninsured-motorist provisions of Stricklin's insurance policy. Kittinger admitted during a deposition that she was the owner of a 1978 Oldsmobile.

Based on that information, plaintiff filed its complaint for a declaratory judgment. Plaintiff argued that Kittinger was excluded from coverage under the policy because she was not a named insured, she owned an automobile at the time of the accident, and she was not a "relative" under the terms of the policy. The trial court granted plaintiff's motion for summary judgment.

Defendant's theory is that the term "relative" is ambiguous because it has a different definition in different parts of the same policy. Part I deals with liability coverage. Under the heading "Definitions Under Part I," the term "relative" is defined as a "relative of the named insured who is a resident of the same household." Part II dealing with "Expenses for Medical Services," and part III dealing with "Physical Damage," adopt the same definition.

However, part IV, the uninsured-motorist endorsement, uses a different definition. "Relative" is defined as "a person related to the named insured who is a resident of the same household, *but does not include any person who, or whose spouse, owns a private passenger automobile.*" (Emphasis added.) Defendant argues that plaintiff has "attempted to make an exclusion without labeling the exclusion as such. By using the conflicting, the hence ambiguous, definitions, American violated the insurance code [Ill. Rev. Stat. 1985, ch. 73, par. 755a]."

■ The rules concerning the construction and interpretation of insurance contracts are well known. An insurance contract is to be interpreted from an examination of the complete document and not an isolated part. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 5, 429 N.E.2d 1203.) "If the words of a policy can reasonably be given their plain, ordinary, and popular meaning, the provisions should be applied as written and the parties should be bound to the agreement they made." (*Western Casualty & Surety Co.*

*v. Brochu* (1985), 105 Ill. 2d 486, 495, 475 N.E.2d 872.) However, "if a provision of an insurance contract can reasonably be said to be ambiguous it will be construed in favor of the insured and against the insurer, who was the drafter of the instrument." *United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 4, 429 N.E.2d 1203.

While Illinois courts have not construed the provisions presented in this case, courts of other jurisdictions have. In *Malo v. Aetna Casualty & Surety Co.* (R.I. 1983), 459 A.2d 954, the plaintiff was a passenger in an uninsured vehicle that he did not own when he was injured in an accident. Plaintiff, like Kittinger here, owned his own automobile, which was also uninsured. Plaintiff sought compensation for his injuries by filing a claim with his mother's insurer. The policy in question defined a "relative" as one who was "related to the named Insured by blood, marriage or adoption who is a resident of the same household, provided neither such relative nor his spouse owns a private passenger automobile." (459 A.2d 954, 955.) Plaintiff argued that the policy was ambiguous and that the exclusion applied only to a driver and not a passenger. He also alleged that the exclusion was against the public policy behind the uninsured-motorist statute. 459 A.2d 954, 956.

The Rhode Island Supreme Court disagreed. It did not find the term "relative" to be ambiguous, nor did it find that the policy contravened any public policy. The court held: "According to the clear and unambiguous terms of plaintiff's mother's policy, plaintiff is specifically excluded from coverage because, by his own admission, he was the owner of a private automobile at the time of the accident. Restriction of this extended coverage to relatives residing with the named insured who do not own an automobile is not unreasonable and does not negate the intent of the Legislature." 459 A.2d 954, 957.

The *Malo* decision is in accord with others that have construed similar provisions. See, *e.g., Liberty Mutual Fire Insurance Co. v. Kessler* (Fla. Dist. App. 1970), 232 So. 2d 213; *Lewis v. American Family Insurance Group* (Ky. 1977), 555 S.W.2d 579 (construing Indiana law); *Robertson v. Cumis Insurance Co.* (La. App. 1978), 355 So. 2d 1371; *Washington v. Travelers Insurance Co.* (1979), 92 Mich. App. 151, 284 N.W.2d 754; *Famuliner v. Farmers Insurance Co.* (Mo. App. 1981), 619 S.W.2d 894; *Farmers Insurance Co. v. Miller* (1976), 87 Wash. 2d 70, 549 P.2d 9.

California, in *Lopez v. State Farm Fire & Casualty Co.* (1967), 250 Cal. App. 2d 210, 58 Cal. Rptr. 243, held that similar language in an automobile policy did not exclude plaintiffs from coverage because

the policy conflicted with the State's insurance code. (250 Cal. App. 2d 210, 211-12, 58 Cal. Rptr. 243, 244-45.) The court said that coverage for uninsured motorists "may be omitted from a policy only upon written agreement of insured and insurer, and mere acceptance of a liability policy with terms more restrictive than the statute is not to be deemed a waiver of the statutory coverage." 250 Cal. App. 2d 210, 212, 58 Cal. Rptr. 243, 245.

A review of the uninsured-motorist statute in Illinois does not reveal a similar public policy behind its enactment. (Ill. Rev. Stat. 1985, ch. 73, par. 755a.) "The legislative intention in enacting section 143a of the Insurance Code was in part to insure that persons injured by an uninsured motorist are protected at least to the extent that compensation is made available for persons injured by a motorist insured for the minimum limits under section 7—203 of the Illinois Safety Responsibility Law [citation]." *Severs v. Country Mutual Insurance Co.* (1982), 89 Ill. 2d 515, 519, 434 N.E.2d 290.

■■ Indeed, uninsured-motorist statutes were enacted as a way of allowing an insured motorist to be compensated for the damage caused by the "financially irresponsible"—those who do not purchase insurance yet own and operate motor vehicles. (Widiss, *Perspectives On Uninsured Motorist Coverage,* 62 Nw. L. Rev. 497, 497-99 (1967).) Thus, from a public policy perspective, defendant Kittinger is the type of person that the statute was enacted to address. If she chose to insure her own vehicle, she would have been able to recover from her own insurer. Defendant, however, testified in a deposition that she voluntarily cancelled her insurance coverage. Thus, there is no public policy reason to extend coverage to Kittinger under the uninsured-motorist provision of Stricklin's policy.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS and SCARIANO, JJ., concur.