DAVID CARLSON, Plaintiff-Appellant, v. AMERICAN FAMILY INSURANCE COMPANY, Defendant-Appellee.

Second District    No. 2—91—0601

Opinion filed January 23, 1992.

David A. Decker, of Decker & Linn, Ltd., of Waukegan, for appellant.

Kathleen Ryan, of Ryan & Ryan, of Waukegan, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

The plaintiff, David Carlson, filed an amended complaint in the circuit court of Lake County naming as defendant American Family Mutual Insurance Company (American Family) and seeking a declaration that the plaintiff was entitled to uninsured motorist coverage under his father's insurance policy. The trial court granted the defendant's motion for judgment on the pleadings, and the plaintiff filed this appeal.

The only issue raised by the plaintiff is whether the defendant's exclusion of coverage under the plaintiff's father's uninsured motorist insurance provisions conflicts with public policy supporting broad uninsured motorist coverage.

The facts relevant to this appeal are as follows. The plaintiff's amended complaint alleges that on November 18, 1989, the plaintiff sustained injuries while a passenger in an uninsured vehicle apparently owned by a third party. He was 18 years old and resided with his father at the time of the accident. Prior to the accident, American Family issued two automobile insurance policies to his father and one automobile insurance policy to him. His father's policies provided for a $100,000-per-person limit under their uninsured motorist coverages, and his policy had a $25,000 uninsured motorist limit per person. Although the amended complaint does not allege that the plaintiff owned the vehicle which he insured with a policy from American Family, that is a fact not contested by the parties.

The plaintiff sought coverage under the higher limits of the uninsured motorist provisions of either one of his father's policies. American Family, by letter, denied coverage under his father's policies and tendered an offer of $25,000, the limit under the plaintiff's policy, to settle the claim. The plaintiff then initiated this action.

American Family moved for judgment on the pleadings pursuant to section 2—615(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615(e)). In that regard, American Family argued that the plaintiff was not an insured under his father's policy. Specifically, American Family relied on that portion of the policy which includes relative within the definition of insured but excludes as a relative "any person who, or whose spouse, owns a motor vehicle." American Family also argued that such exclusive language does not violate public policy. American Family presented no other basis for its denial of coverage under the plaintiff's father's policies in either its denial letter, its motion for judgment on the pleadings or its reply to the plaintiff's response to its motion.

The trial court granted American Family's motion, and the plaintiff filed this timely appeal.

■■ ■ We begin our analysis by referring to the language of American Family's insurance policy relied upon to deny coverage to the plaintiff. Under "PART III—UNINSURED MOTORISTS COVERAGE," an insured person is defined as the named insured or a "relative." The term "relative" is defined as a person living in the household of the named insured and related to the named insured by blood, marriage or adoption. The policy excludes from its definition of "relative" "any person who, or whose spouse, owns a car." Thus, under the plain language of the insurance policy at issue, the plaintiff is excluded from uninsured motorist coverage because he is not a named insured nor is he a "relative" by virtue of the fact that he owns his own vehicle.

Accordingly, the only issue that remains to be decided is whether such a provision violates the public policy embodied in section 143a of the Illinois Insurance Code (Code) (Ill. Rev. Stat. 1989, ch. 73, par. 755a). In this regard, the plaintiff argues that the legislature intended to provide extensive uninsured motorist coverage in enacting section 143a of the Code. He further maintains that where a specific exclusion in an insurance policy conflicts with the liberal purpose behind section 143a, such exclusion should be rendered unenforceable.

The legislative intent in passing section 143a was to provide extensive uninsured motorist coverage for those insured under an au-

tomobile liability policy. (*Zurich v. Country Mutual Insurance Co.* (1978), 65 Ill. App. 3d 608, 611.) Furthermore, the legislature intended, by enacting section 143a of the Code, to insure that persons injured by an uninsured motorist are protected at least to the extent that compensation is made available for persons injured by a motorist insured for the minimum limits under section 7—203 of the Illinois Safety Responsibility Law (Ill. Rev. Stat. 1973, ch. 95½, par. 7—203). (*Severs v. Country Mutual Insurance Co.* (1982), 89 Ill. 2d 515, 519.) More importantly, the purpose underlying a statute may not be circumvented by the insertion of a contrary or restricting provision in an insurance policy. *Severs*, 89 Ill. 2d at 520.

The dispositive question in this appeal is simply whether the provision in the insurance policy which excludes the plaintiff from coverage by virtue of his ownership of a vehicle is violative of the purpose underlying section 143a of the Code. One Illinois court has had occasion to address this issue under facts similar to the facts of this case. In *American Family Mutual Insurance Co. v. Kittinger* (1986), 147 Ill. App. 3d 586, the defendant, who owned an uninsured vehicle, sought coverage under the uninsured motorist provisions of her brother-in-law's insurance policy. The court held that she was not an insured under a definition similar to the one at issue here because she owned a vehicle. The court further determined that such a provision did not violate the policy underlying section 143a of the Code. (147 Ill. App. 3d at 589.) The court also noted that the defendant, because she had not insured her own vehicle, was precisely the type of person the statute was enacted to address. 147 Ill. App. 3d at 589.

There is simply no basis under these facts to conclude that the purpose behind section 143a would be abrogated by enforcing the express language of the uninsured motorist provisions of the plaintiff's father's insurance policy. Under those provisions, the plaintiff is not an insured by virtue of his owning a vehicle. He is thus not entitled to recover under his father's policy.

We further note that plaintiff's reliance on *Illinois Emasco Insurance Co. v. Doran* (1987), 160 Ill. App. 3d 927, is misplaced. That case, while recognizing the public policy underlying section 143a of the Code, addressed a different factual issue arising under an entirely different policy exclusion from the one at issue in this case. Thus, we do not believe that *Doran* compels us to reverse the decision of the trial court.

For the foregoing reasons, we affirm the judgment of the circuit court of Lake County granting the defendant's motion for judgment on the pleadings.

Affirmed.

GEIGER and NICKELS, JJ., concur.