ANNE PELLEGRINI, Plaintiff-Appellant, v. MARK E. JANKOVECK *et al.*, Defendants (Hartford Insurance Company, Defendant-Appellee; State Farm Mutual Automobile Insurance Company, Defendant-Appellant).

First District (3rd Division) Nos. 1—90—1909, 1—90—2015 cons.

Opinion filed March 31, 1993.

James J. Hoffnagle, of Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago, for appellant State Farm Mutual Automobile Insurance Company.

Aram A. Hartunian, of Hartunian, Futterman & Howard, Chartered, and David Cwik, of Bernard R. Nevoral & Associates, Ltd., both of Chicago, for appellant Anne Pellegrini.

Robert L. Kiesler and David J. Kiesler, both of Kiesler & Berman, of Chicago, for appellee.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff, Anne Pellegrini, and defendant State Farm Mutual Automobile Insurance Company (State Farm) appeal from the entry of

summary judgment against them and in favor of defendant Hartford Insurance Company (Hartford). Appellants argue on appeal that a provision in Hartford's insurance policy that excluded uninsured motorist coverage to plaintiff was void. We affirm.

The issue in this case is whether plaintiff was an insured and could be excluded from uninsured motorist coverage for injuries she received while she was a passenger in a particular automobile.

Hartford issued a policy of automobile liability insurance to Atlas Distributing Company, which was owned by Edward Pellegrini. The policy contained a section entitled "drive other car coverage." Paragraph B of this section, entitled "changes in liability insurance," stated that added to who was insured was any individual named in the endorsement. Edward Pellegrini was one of the named individuals. With some exceptions, the expanded liability insurance covered an automobile not owned by Atlas while being used by either an individual named in the endorsement or his spouse. Paragraph C, entitled "changes in auto medical payments and uninsured motorist insurance," stated:

"The following is added to 'who is insured': any individual named in this endorsement and his or her family members are insureds while occupying or while a pedestrian when being struck by any auto you[1] don't own except:

Any auto owned by that individual or by any family member."

Plaintiff and her son, Edward Pellegrini, resided together in the same household. She was a passenger in the automobile owned by them and another family member. While Edward Pellegrini was driving this automobile, a collision occurred in which plaintiff was injured. Plaintiff sought a declaratory judgment that she had uninsured motorist coverage under Hartford's policy. Summary judgment was granted in favor of Hartford.

Plaintiff argues on appeal that the uninsured motorist provision in the Hartford policy was void under section 143a of the Insurance Code (Ill. Rev. Stat. 1991, ch. 73, par. 755a) (the uninsured motorist statute) because of the exclusion from the definition of an insured person of one who was occupying an automobile owned by that person. State Farm argues that the exclusion was void and that plaintiff was not covered by the Hartford policy because Edward Pellegrini was an individual named in the endorsement and because plaintiff was a

---

[1]In this context, "you" means Atlas.

member of Edward's family. Hartford argues that its policy did not violate the uninsured motorist statute because plaintiff was not an insured motorist for that type of coverage and that the uninsured motorist statute required uninsured motorist coverage only for persons already insured for liability coverage.

■■ The uninsured motorist statute provides in part:

"No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle *** shall be renewed, delivered, or issued for delivery in this State unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7—203 of the Illinois Vehicle Code for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." (Ill. Rev. Stat. 1991, ch. 73, par. 755a.)

Any insurance policy containing a provision that violates the uninsured motorist statute shall be construed in accordance with the requirement of the uninsured motorist statute. Ill. Rev. Stat. 1991, ch. 73, par. 1054.

The purpose of the uninsured motorist statute is to place the policyholder in substantially the same position he would occupy if the wrongful driver had carried the minimum required liability insurance. (*Barnes v. Powell* (1971), 49 Ill. 2d 449, 453, 275 N.E.2d 377.) The statutory coverage is mandatory, and it may not be "whittled away by an unduly restrictive [policy] definition" of uninsured vehicle. *Smiley v. Estate of Toney* (1969), 44 Ill. 2d 127, 130, 254 N.E.2d 440.

It was held in *Doxtater v. State Farm Mutual Automobile Insurance Co.* (1972), 8 Ill. App. 3d 547, 552, 290 N.E.2d 284, that the uninsured motorist statute was a direction to insurers to provide uninsured motorist coverage for insureds whether or not they were occupying or operating motor vehicles declared in the policy. Plaintiff in *Doxtater* was injured in a collision between the motorcycle he was driving and an automobile driven by an uninsured motorist. Plaintiff was an insured under his father's automobile insurance policy. But plaintiff's claim fell within an exclusion for injury to an insured while occupying a motor vehicle owned by the named insured or any household resident if such vehicle was not an "owned motor vehicle." An owned motor vehicle was defined as one that was described in the

declarations, and plaintiff's motorcycle was not an owned motor vehicle under this definition.

Plaintiff argued that the exclusion, by denying coverage for injuries incurred while occupying a vehicle not described in the policy declarations, unlawfully limited coverage in violation of the uninsured motorist statute, which required that uninsured motorist coverage be provided for all insureds without qualification as to the location of the insured at the time of the injury. The court agreed and held that the exclusion conflicted with the uninsured motorist statute and that the exclusion could not limit the uninsured motorist coverage. *Doxtater*, 8 Ill. App. 3d at 553.

In *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044, plaintiff filed a claim under a policy issued to her parents for an injury caused by an uninsured motorist striking a parked automobile that struck her. The policy had an exclusion for bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or relative or through being struck by such an automobile. Relying on *Doxtater*, the court held that insofar as the exclusion would make coverage dependent upon the insured not being in a vehicle unlisted in the policy, the exclusion in the policy violated the uninsured motorist statute. *Squire*, 69 Ill. 2d at 179.

A policy excluded plaintiff from uninsured motorist coverage while occupying or driving an automobile regularly furnished to the insured in his employment in *Roby v. Illinois Founders Insurance Co.* (1978), 57 Ill. App. 3d 89, 372 N.E.2d 1097. The court found *Squire* controlling because the exclusion made coverage dependent upon the insured being in a vehicle listed in the policy, and it was held that the policy therefore violated the uninsured motorist statute. *Roby*, 57 Ill. App. 3d at 93, 95.

But the uninsured motorist statute does not restrict parties from designating who are insureds. (*Heritage Insurance Co. of America v. Phelan* (1974), 59 Ill. 2d 389, 395, 321 N.E.2d 257.) The legislative intent was to provide extensive protection for insureds under an automobile liability policy. (*Heritage*, 59 Ill. 2d at 395.) It is only after the parties designate the insureds that the uninsured motorist statute applies to prohibit the denial of uninsured motorist coverage to an insured. (*Heritage*, 59 Ill. 2d at 395.) In *Heritage*, a restrictive endorsement contained in an appendix to the policy provided that the insurance policy would not apply to the insured's 17-year-old son when he was an "operator." The policy did not apply to provide uninsured motorist coverage to the insured's son because, at the time of

the accident, the son was operating a motor vehicle. The uninsured motorist statute did not apply and was not violated because the son was not an insured. *Heritage,* 59 Ill. 2d at 395.

The denial of uninsured motorist coverage was also upheld in *Polzin v. Phoenix of Hartford Insurance Cos.* (1972), 5 Ill. App. 3d 84, 283 N.E.2d 324, in which an uninsured motor vehicle struck plaintiff pedestrian, who was president of a company. The company owned two automobiles insured by a policy issued by defendant to the company. The company was the only named insured on the policy. Plaintiff was the principal user of one of the automobiles. Plaintiff argued that he had uninsured motorist coverage because, among other reasons, the insurer accepted a premium for protecting persons against bodily injury. The court held that plaintiff was not covered by the uninsured motorist insurance because the uninsured motorist statute required coverage for only those persons insured under the policy and because plaintiff was neither a named insured nor using one of the insured company automobiles at the time of injury. *Polzin,* 5 Ill. App. 3d at 88-89.

In *American Family Mutual Insurance Co. v. Kittinger* (1986), 147 Ill. App. 3d 586, 496 N.E.2d 1182, defendant drove an automobile that was in an automobile accident with another automobile whose driver was uninsured. Defendant was living with her brother-in-law, who had an automobile insurance policy. The uninsured motorist endorsement excluded from its definition of relative a person who owned an automobile. The insurer argued that defendant was excluded from coverage because she was not a named insured, she owned an automobile at the time of the accident, and she was not a relative under the policy. The court cited an out-of-State case in apparent approval that held that a similar exclusion of relatives not owning an automobile was not unreasonable and not in conflict with the intent of the Rhode Island uninsured motorist statute. The court held that there was no public policy reason to extend uninsured motorist coverage to defendant because she voluntarily cancelled insurance coverage for her own automobile and thus chose not to be insured. *American,* 147 Ill. App. 3d at 589; see also *Carlson v. American Family Insurance Co.* (1992), 223 Ill. App. 3d 943, 946, 585 N.E.2d 1272 (plaintiff was not entitled to uninsured motorist coverage under father's insurance because plaintiff was excluded from the definition of relative by virtue of his ownership of a vehicle).

Hartford cites *Famuliner v. Farmers Insurance Co.* (Mo. 1981), 619 S.W.2d 894, which interpreted a policy exclusion in light of Missouri's mandatory uninsured motorist coverage statute (Mo. Ann.

Stat. §379.203 (Vernon's 1978)). The statute required, as does the Illinois uninsured motorist statute, that all policies of liability insurance must also include uninsured motorist coverage to "persons insured thereunder." (*Famuliner*, 619 S.W.2d at 897.) Plaintiff was injured when his motorcycle was involved in an accident with an uninsured driver of another motorcycle. Plaintiff made a claim for uninsured motorist coverage under his parents' insurance policies that covered separate automobiles. An insured was defined in the parents' policies to include a relative. But excluded from the definition of relative was one who owned an automobile, and plaintiff's ownership of his own automobile therefore disqualified him.

The insurance policies insured, in addition to the named insureds, a limited group of persons, but relatives resident in the same household were not provided coverage if they had automobiles of their own. (*Famuliner*, 619 S.W.2d at 897.) The insurance policies did not violate the Missouri uninsured motorist statute, which did not require that resident family members be provided uninsured motorist coverage on vehicles other than those primarily insured irrespective of whether such family members owned their own automobiles with or without their own insurance protection. (*Famuliner*, 619 S.W.2d at 896.) The statute was not violated unless a policy condition limited uninsured motorist protection as to persons who otherwise qualified as insureds for liability purposes. It was held that plaintiff was not an insured under his parents' policies. *Famuliner*, 619 S.W.2d at 897.

■ We interpret the Illinois uninsured motorist statute as requiring uninsured motorist coverage only for those persons who are insured against loss from liability for bodily injury or death of a person arising out of the ownership, maintenance, or use of a motor vehicle. Plaintiff was not an insured for liability purposes, and therefore, the uninsured motorist statute did not apply to her and the insurer was permitted to restrict uninsured motorist insurance to family of the named individuals who were not in a family automobile. This holding is not in conflict with *Doxtater*'s interpretation of the uninsured motorist statute as requiring uninsured motorist coverage for insureds without qualification as to the insured's location at the time of injury because plaintiff here was not an insured within the meaning of the uninsured motorist statute.

The judgment of the trial court is affirmed.

Affirmed.

RIZZI and GREIMAN, JJ., concur.