WASHINGTON v TRAVELERS INSURANCE COMPANY

Docket No. 78-2967. Submitted June 6, 1979, at Detroit.—Decided August 21, 1979.

Dale Washington, while driving his own uninsured automobile, was struck by another uninsured motorist. Washington resided with his sister, who owned an automobile insured by Travelers Insurance Company. He filed a claim for benefits and Travelers denied coverage. Washington then brought an action against Travelers, seeking a declaratory judgment that Travelers was liable. An amended complaint added as a defendant the Secretary of State, as director of the Motor Vehicle Accident Claims Fund, and asserted a claim against the fund if Travelers were found not liable. The Wayne Circuit Court, Horace W. Gilmore, J., granted summary judgment in favor of the plaintiff against Travelers. Travelers appeals. *Held:*

The statute in effect at the time of the accident required that uninsured motorist coverage must be offered to whoever is insured under the liability provision of the policy. Plaintiff's assertion that his sister's policy invalidly excludes him from uninsured motorist coverage because he owns his own automobile is without merit, because, under the terms of the policy, the plaintiff is not an insured under the liability section of the policy.

Reversed.

I<small>NSURANCE</small> — A<small>UTOMOBILES</small> — U<small>NINSURED</small> M<small>OTORISTS</small> — S<small>TATUTES</small>.

The former uninsured motorist insurance statute required that the offer of uninsured motorist coverage was to apply to whoever is insured under the liability coverage of the policy; a policy which limited uninsured motorist coverage to the named insured and to any relative who is a resident of the same household so long as neither that relative nor his spouse owned an automobile, did not violate the statute in the case of a claimant who owned his own automobile and who resided with

R<small>EFERENCES FOR</small> P<small>OINTS IN</small> H<small>EADNOTE</small>
7 Am Jur 2d, Automobile Insurance §§ 135, 136.
Who is "named insured" within meaning of automobile insurance. 91 ALR3d 1280.

his sister, the named insured, where under the terms of the policy the claimant was not insured under the liability provision of the policy (MCL 500.3010; MSA 24.13010, repealed by 1972 PA 345).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Frank Mafrice),* for plaintiff.

*Nazar Berry* (by *Taras P. Jarema),* for Travelers Insurance Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Edgar L. Church, Jr.,* Assistants Attorney General, for the Secretary of State.

Before: R. M. MAHER, P.J., and BRONSON and A. E. MOORE,* JJ.

PER CURIAM. Defendant Travelers Insurance Company appeals from an order of the Wayne County Circuit Court invalidating a portion of an insurance policy issued by Travelers and granting summary judgment in favor of plaintiff Dale Washington.

On September 8, 1973, plaintiff Dale Washington, while driving his own uninsured automobile, was struck by another vehicle owned and operated by an uninsured motorist. At the time of the accident, plaintiff resided in the same household as his sister, Sandra Washington, who owned an automobile which was insured by defendant Travelers. Plaintiff filed a claim for benefits under the uninsured motorist provision of his sister's policy.[1] Travelers denied coverage, and plaintiff brought

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] This cause of action arose prior to the effective date of the no-fault insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* and the repeal effective the same date of the statutory section requiring uninsured motorist coverage, MCL 500.3010; MSA 24.13010.

this action for declaratory judgment. Plaintiff subsequently filed an amended complaint adding the Secretary of State, as director of the Motor Vehicle Accident Claims Fund, as a defendant and asserting a claim against the fund if Travelers should be found not liable. After further proceedings not relevant to this appeal, plaintiff moved for and was granted summary judgment.

Plaintiff argued successfully in the trial court that the provision of defendant Travelers' policy which purports to deny him coverage is an exclusion which is void as against public policy. The policy in question provides uninsured motorist coverage for, *inter alia,* "the named insured and any relative". Relative is defined as "a relative of the named insured who is a resident of the same household, provided neither he nor his spouse owns a private passenger automobile".

Plaintiff argues that the exclusion of relatives of the named insured who, like plaintiff, own passenger cars narrows the coverage of the uninsured motorist provision of the policy, in violation of the policy expressed most recently in *Pappas v Central National Insurance Group of Omaha,* 400 Mich 475; 255 NW2d 629 (1977). The Supreme Court in *Pappas,* interpreting MCL 500.3010; MSA 24.13010, said:

"[T]he Legislature has prescribed the class of persons to which uninsured motorist coverage must apply. It must be provided for the protection of persons 'insured thereunder', that is, persons insured under the liability coverage portion of the policy. Nowhere does the Legislature attempt to fix a part of the class covered by the liability policy as the minimum number of persons to be covered. The statute is clear in requiring that the offer of coverage apply to whomever is insured under the liability coverage of the policy." *Pappas, supra,* at 480.

We agree with plaintiff that uninsured motorist coverage may not be narrower than liability coverage in any policy subject to the requirements of MCL 500.3010. The difficulty with plaintiff's argument that the definition of "relative" quoted *supra* constitutes such a provision is, as defendant Travelers points out, that plaintiff is not insured under the liability provision of the policy.[2] Liability coverage is limited to the named insured (defined to include her spouse if resident in the same household) and persons using the owned automobile of the named insured with her permission.[3] It is not disputed that plaintiff was not the named insured or her spouse, nor was he driving the named insured's automobile.

Unlike the policy in *Pappas, supra,* the policy in the instant case does not provide liability coverage which is broader than the uninsured motorist coverage. Indeed, the uninsured motorist coverage is somewhat broader than the liability coverage, for relatives domiciled in the same household as the named insured (provided neither the relative nor his spouse owns a car) are provided uninsured motorist coverage, while they are not provided liability coverage. Plaintiff's argument seems to be that, having extended uninsured motorist coverage to some relatives domiciled in the same household, Travelers must extend coverage to all relatives domiciled in the same household, despite the fact that none of the aforementioned persons is even arguably included in the policy's liability coverage.

---

[2] *Cf. Hickman v Community Service Ins Co,* 78 Mich App 1; 259 NW2d 367 (1977), *Bradley v Mid-Century Ins Co,* 78 Mich App 67; 259 NW2d 378 (1977), *Ellis v State Farm Ins Co,* 78 Mich App 189; 259 NW2d 421 (1977). Leave has been granted in all three cases, 402 Mich 950r (1978).

[3] The policy also covers persons vicariously liable for acts or omissions of the named insured or a person using her automobile.

We know of no rule of law which requires such a result.

We therefore disagree with the trial court's finding that under the circumstances here presented the exclusion of relatives owning automobiles from uninsured motorist coverage violates public policy.

Reversed. No costs.