**Thomas H. FAMULINER, III,
Plaintiff-Appellant,**

v.

**FARMERS INSURANCE COMPANY,
INC., Defendant-Respondent.**

**No. WD 31634.**

Missouri Court of Appeals,
Western District.

July 21, 1981.

Joseph A. Hamilton, Pleasant Hill, for plaintiff-appellant.

Richard H. Heilbron, Kansas City, for defendant-respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

Thomas H. Famuliner, III appeals from summary judgment entered in favor of

Farmers Insurance Company on Famuliner's action to recover uninsured motorist benefits. The appeal poses the question of whether, under § 379.203, RSMo 1978,[1] the insurance contract may limit the potential scope of uninsured motorist coverage by a restrictive definition of persons insured under the policy. In this limited context, the question is one of first impression in Missouri.

Famuliner, a resident of the same household with his mother and father, was the owner of a motorcycle and an automobile, each insured by Farmers. Famuliner's parents each owned an automobile separately insured, also by Farmers. On May 18, 1977, Famuliner was operating his motorcycle when he collided with another motorcycle and sustained injuries. Neither the second motorcycle nor its operator was covered by liability insurance. For purposes here, it is assumed that the second motorcycle was an uninsured motor vehicle, as statutorily defined, and that Famuliner was entitled to recover damages from the operator.

Farmers accepted and paid Famuliner's claim pursuant to the uninsured motorist coverage of two policies, one on his automobile and one on the motorcycle, and paid Famuliner a total amount of $20,000. Famuliner, however, also made claim pursuant to the uninsured motorist coverages of his parents' policies contending that by the policy language, coverage extended to Famuliner because he was a relative of each named insured and was resident in the same household.

Under Famuliner's interpretation of the policies, he was entitled to "stack" four policy amounts and recover a total of $40,-000. Although it is reasonably apparent from the policy language that Famuliner was not insured under the policies of his mother and father when driving a motor vehicle not insured under either policy, it is his argument that a limitation as to omnibus coverage for uninsured motorist protection is void because contrary to public policy expressed in § 379.203.

1. All statutory references are to RSMo 1978.

Paraphrased, § 379.203 provides that no automobile liability insurance shall be issued unless coverage is provided for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. It is undisputed here that the Farmers' policies at issue did provide uninsured motorist protection, the question being whether Famuliner was an insured entitled to that protection under his parents' policies which did not expressly name him as an insured.

The relevant policy language is that which defines the word "insured" and that which defines the term "relative." Part II of the policy, the section dealing with uninsured motorist coverage, states as follows:

"Insured means (1) the named insured or a relative * * * "

Part II does not define the term "relative" but recites that certain definitions in Part I, including the definition of "Relative," apply to Part II. The Part I definition states:

"Relative means a relative of the named insured who is a resident of the same household, provided neither such relative nor his spouse owns an automobile."

While it is undisputed that Famuliner otherwise qualified as an additional insured under his parents' policies because he was their son and resided in their household, his ownership of his own car and motorcycle disqualified him by the plain language in the policy. The issue therefore posed is whether § 379.203 requires, as a matter of public policy, that resident family members be provided uninsured motorist coverage on vehicles other than those primarily insured irrespective of whether such family members own their own cars with or without their own insurance protection. We conclude that the statute imposes no such requirement.

The concept of mandatory uninsured motorist coverage comprehends that those who purchase automobile liability in-

surance should be afforded minimum protection as required by the financial responsibility law regardless of whether the offending vehicle is driven by an insured or uninsured operator. *Otto v. Farmers Insurance Co.*, 558 S.W.2d 713 (Mo.App.1977); *Webb v. State Farm Mutual Automobile Insurance Co.*, 479 S.W.2d 148 (Mo.App. 1972). In situations of multiple insured vehicles and insured persons, it is assumed that premiums charged are calculated in accordance with increased exposure and, thus, an insured who suffers damages in an accident with an uninsured motorist is entitled to "stack" all policies under which he is insured and collect the benefit under each. Policy restrictions designed to limit uninsured motorist coverage in this respect are unenforceable because against public policy. *Cameron Mutual Insurance Co. v. Madden*, 533 S.W.2d 538 (Mo. banc 1976).

■■■ While interpretation of mandatory uninsured motorist protection has been liberal, in keeping with the perceived public policy of the statute, Missouri courts have declined to create coverage where none was applicable. *Harrison v. MFA Mutual Insurance Co.*, 607 S.W.2d 137, 147 (Mo. banc 1980) and examples there cited. It remains the rule in this state that parties to an insurance contract are free to place such limitations or restrictions on an insurer's liability as they may agree, provided that the limitation violates neither public policy nor statutory obligation. *Douthet v. State Farm Mutual Automobile Insurance Co.*, 546 S.W.2d 156 (Mo. banc 1977); *Steinhaeufel v. Reliance Insurance Companies*, 495 S.W.2d 463 (Mo.App.1973); *Webb v. State Farm Mutual Automobile Insurance Co., supra* at 150.

By the definitions in the subject policies, Farmers' contract undertook to insure, in addition to the named insureds, a limited group of persons. Relatives resident in the same household were provided coverage generally to the same extent as the named insureds, but only if such persons and their spouses had no automobiles of their own. Entitlement of resident relatives to benefits under the Farmers' policy was not limited to uninsured motorist protection alone, but extended to all features of the liability insuring agreements. Conversely, relatives who were themselves motor vehicle owners had no protection under the policy. The obvious instruction of the policy conditions is that vehicle owners, including relatives of the named insured, should look to their own insurance as to events associated with ownership and use of their machine. The limitation which Famuliner contends is an assault upon required uninsured motorist coverage is no more repugnant to public policy than any other insurance contract provision required for identification of those who are insured and entitled to benefits.

■ Section 379.203 contains no requirement that automobile insurance policies provide uninsured motorist protection to any particular class or group of persons whether they be residents of the same household or family members. The statute does require, however, that all policies of liability insurance must also include uninsured motorist coverage to "persons insured thereunder." There is no violation of the statute unless a policy condition limits uninsured motorist protection as to persons who otherwise qualify as insureds for liability purposes. Famuliner was not an insured under his parents' policies and the policy conditions of which he complains do not offend the mandate of § 379.203.[2]

While no Missouri case has considered this question, the issue has been litigated in other states having statutes using the same terminology as § 379.203. The results have been consistent and uniform in reaching the conclusion here expressed.

**2.** Not at issue here is the entitlement of Famuliner to benefits under the policies of his mother or father were the accident to have occurred while Famuliner was driving either of his parent's automobiles. Under the permissive use clause of the policy, coverage would have extended to Famuliner, or to any other driver or occupant of the parent's vehicle. Farmers conceded on oral argument that Famuliner would, under that state of facts, be entitled to "stack" three uninsured motorist coverages, two under his own policies and the one applicable to the policy on the car he was driving.

In *Farmers Insurance Company of Washington v. Miller*, 87 Wash.2d 70, 549 P.2d 9 (1976), the applicable statute required extension of uninsured motorist protection by policies to "persons insured thereunder," the same language which appears in the Missouri statute. Policy language was identical to that in the subject case. The court held that the public policy expressed in the statute did not mandate any particular scope for the definition of who is an insured in a particular automobile policy and denied the contention that a relative who owned his own car and resided in the policyholder's household was obligatorily included for uninsured motorist protection.

To the same effect was *Washington v. Travelers Insurance Co.*, 92 Mich.App. 151, 284 N.W.2d 754 (1979), in which the court explained that the statutory requirement for mandatory uninsured motorist coverage for protection of "persons insured thereunder" means persons insured under the liability coverage portion of the policy. The argument there, as here, was to the effect that if the policy extends uninsured motorist coverage to some relatives domiciled in the household, it must extend also to all relatives so domiciled. The contention was rejected as unsupported by any rule of law.

In *France v. Liberty Mutual Insurance Co.*, 380 So.2d 1155 (Fla. 3d DCA 1980), plaintiff resided with her parents who owned two automobiles insured by Liberty Mutual. Plaintiff owned her own car. She was injured while riding in a friend's car and after settling for the policy limit of the adverse driver, she claimed under the uninsured motorist coverage of her parents' policies. Policy restrictions as to coverage included relatives living in the same household but excluded plaintiff because she owned her own car. The court affirmed dismissal of plaintiff's uninsured motorist claim stating:

"We decline to extend the public policy as France urges so as to allow a member of a family to purchase one liability policy and claim total coverage thereunder for the entire family while vastly increasing the risk to his or her insurer by knowingly owning and operating a fleet of uninsured vehicles upon the highways."

Under Indiana law, Ind.Code 27–7–5–1, the insurer must provide uninsured motorist protection within the liability policy for all persons insured thereunder. In *Lewis v. American Family Insurance Group*, 555 S.W.2d 579 (Ky.1977), the Kentucky court was required to apply Indiana law in a case where the claimants were injured while occupying a car owned by one of them and on which the insurance coverage had lapsed. The assertion was made that uninsured motorist protection through the policy of an uncle with whom they lived was applicable although that policy insured only the uncle's car. The court held that the claimants were not insureds under the uncle's policy and that Indiana law, while requiring that those insured must be provided uninsured motorist coverage, does not expand the class of persons that must be considered insureds.

*Robertson v. Cumis Insurance Company*, 355 So.2d 1371 (La.App. 3 Cir. 1978) was a case, again on almost identical facts, where the injured claimant, the son of and a household resident with the defendant's policyholder, was also the owner of his own automobile. Upholding exclusion of the son from policy coverage, the court stated:

"Under the plain provisions of the policy an omnibus insured with respect to a non-owned automobile as a relative of the named insured, who as a resident of the same household, provided such relative is not the owner of a private passenger automobile. These terms are clear and unambiguous and lead to no absurd consequences and must be given effect as written since a contract of insurance like any other contract, is the law between the parties."

The statute in New Hampshire contains the same language, particularly the words "for the protection of persons insured thereunder" (N.H.Rev.Stat. Ann. 268:15–a, subd. 1), as appears in Missouri's § 379.203. In *Beliveau v. Norfolk & Dedham Mutual Fire Insurance Company*, 120 N.H. 73, 411 A.2d

1101 (1980), the injured claimant contended that the phrase "persons insured thereunder" encompasses relatives of the named insured who reside in the household and that the statute mandates uninsured motorist coverage irrespective of the insured's proprietary interest in the vehicle being driven. The court disagreed noting that the legislature had not defined "insured" to include resident relatives, only the persons specified in the insurance policy. Where coverage is to be mandated for a specific class of persons, the legislature must express its intent explicitly.

Independent research has disclosed only two cases which reach results not consistent with the rule exemplified by the foregoing authorities. Explanation of these decisions upholding claims by resident family members under uninsured motorist omnibus coverage is, however, readily found in the distinguishing features of the applicable statutes.

In California, compulsory uninsured motorist insurance coverage fixed by statute (Cal.Ins.Code, § 11580.2) requires that every automobile liability policy cover the insured for damages he is entitled to recover from the owner or operator of an uninsured vehicle. The statute further defines "insured" as the named insured, his spouse and relatives of either while residents of the same household. Thus, in *Lopez v. State Farm Fire and Casualty Company*, 250 Cal.App.2d 210, 58 Cal.Rptr. 243 (1967), the court held to be invalid a policy clause excluding from uninsured motorist protection a resident relative who owned an automobile. It was there noted that the terms of the policy were required to conform to the legislative mandate expressing public policy obligating insurance contracts to cover family members whether vehicle owners or not.

In *Anderson v. Illinois Farmers Insurance Company*, 269 N.W.2d 702 (Minn.1978), a case which cites *Lopez*, the Minnesota statute was held to express similar public policy, the mandatory extension of uninsured motorist coverage to resident relatives. Under Minnesota law then applicable, relatives as a class could not be excluded from the liability coverage of an automobile policy. Because uninsured motorist protection was required to be furnished to persons insured under the automobile policy and because relatives were obligatorily insured generally, the court reasoned that the statutory purpose to include relatives as to all coverages, including uninsured motorists, was manifest. The opinion also noted, however, that the statute dealt only with class designations and that any persons could be specifically excluded from coverage if identified by name.

No authority supports Famuliner's contention that coverage be mandatorily extended to him under his parents' policies as a matter of public policy for hazards associated with operation of his own vehicle. To the contrary, settled law in other states having comparable statutory provisions approves insurance contract language excluding from omnibus policy coverage resident family members who own their vehicles. Famuliner's point is without merit.

In additional sub-points, Famuliner contends that the language of the Farmers' policies, apparently standard throughout the policies issued to him and to his parents, is ambiguous in the definition of "relative" and should be construed to favor coverage of his claims. He also argues that a question of fact remained in the case and that summary judgment was therefore inappropriate. The fact issue advanced, which he says was not decided, is whether the premium charged by Farmers contemplated the reduced risk which enforcement of the policy condition as to vehicle ownership by relatives entailed.

As we have previously observed, the policy clauses here in issue are plainly expressed and are readily understood. Moreover, as evidenced by the opinions in the cases cited from a number of other states, this contract language is in common usage. Famuliner cites no case and independent research has disclosed none in which the intent and meaning of these provisions were ever in doubt. There is no basis to seek resolution of conflict in Famuliner's favor because no ambiguity appears.

The insurance premium question arises, according to Famuliner, because Farmers, as movant for summary judgment, had the burden of proof on fact issues. Among these, he claims, was a burden to prove that policy premiums were charged in conformity with the reduced risk which enforcement of the policy terms afforded. In Famuliner's view, Farmers was obligated to prove that premiums it received were not disproportionate to the coverage of its automobile insurance contracts.

■ The question of Farmers' premium charges is presented by Famuliner for the first time on appeal. No pleading filed in the case contended that Farmers had charged a premium for coverage to Famuliner which was not provided and the case is therefore distinguishable from *Cameron Mutual Insurance Co. v. Madden, supra,* which Famuliner cites. Farmers' position in this case has consistently been that omnibus coverage for liability under its policy is available only to non-owners of motor vehicles. Quite obviously, the policy risk would be substantially enlarged if this restriction did not prevail. Absent a contention to the contrary, the assumption obtains that Farmers charged a premium consistent with risks which the insurance contract assumed and that the premium would increase if coverage were broadened by the public policy doctrine Famuliner advocates. There is no rational basis to argue that Farmers must prove it charged no premium for risks excluded under the policy when the case presents no issue of excess or windfall premium collections. Famuliner's subpoints present no ground warranting remand of the case.

The summary judgment is affirmed.

All concur.