**PONTIAC REALTY COMPANY, A Corp., Plaintiff-Appellant,**

v.

**AMERICAN EMPLOYERS INSURANCE COMPANY, A Corp., Defendant-Respondent.**

No. 43745.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 16, 1982.

---

Robert O. Roberts, St. Louis, for plaintiff-appellant.

Eugene K. Buckley, St. Louis, for defendant-respondent.

GUNN, Judge.

Plaintiff-appellant filed suit against defendant-respondent seeking to recover under a comprehensive business insurance policy for damages sustained to its building. Relying on policy provisions the trial court limited plaintiff's recovery to substantially less than the total amount of damages, and plaintiff has appealed. We affirm.

A two car accident at the corner of 7th and Market Streets in St. Louis sent one of the autos hurtling over the curb and crashing into the public entrance to the adjacent Buder Building, a multistory commercial office building. The entrance door was destroyed. Temporary boarding of the damaged area, repairs to the door frame and replacement of the glass were achieved at a total cost of $2863.66.

The parties seem to agree with the trial court's specific finding that the cost for glass replacement as a result of the accident was $750.00.[1] The trial court also found that the glass endorsement schedule of the policy limited recovery for the door frame replacement and temporary boarding to $75.00 each. Imposing the glass endorsement provisions, the trial court limited plaintiff's recovery to $900.00 ($750.00 glass repair + $75.00 door frame repair + $75.00 temporary boarding).

The plaintiff urges that there are no policy restrictions against its right to recover the full amount of its damages of $2863.66; hence, this appeal.

The glass endorsement with its schedule, forming the epicenter on which the controversy focuses, provides:

---

1. Our calculations differ somewhat as to the replacement costs of the glass, but as the parties make no complaint as to the $750.00 figure, neither shall we.

GLASS ENDORSEMENT—PART 1
SCHEDULE

| Loc. No. | Bldg. No. | Number of Plates | Length in Inches | Width in Inches | Description of Glass, Lettering and Ornamentation: Position in Building. The glass is plain flat glass with all edges set in frames, unless otherwise stated herein. | Specific Limit, If any |
|---|---|---|---|---|---|---|
| 1 | 1 | 3 | 76 | 32 | Door | |
| | | 2 | 72 | 30 | Door | |
| | | 2 | 74 | 32 | Door | |
| | | 4 | 76 | 26 | Curved Revolving Door | |
| | | 4 | 74 | 34 | Door | |
| | | 2 | 74 | 28 | Door | |
| | | 2 | 36 | 32 | Transom | |
| | | 1 | 36 | 60 | Transom | |

1. This policy covers damage to the glass described in the Schedule above and to the lettering and ornamentation separately described therein, by breakage of the glass or by chemicals accidentally or maliciously applied, excluding under this endorsement, loss by fire.

2. This Company will pay for:

(a) repairing or replacing frames immediately encasing and contiguous to such glass when necessary because of such damage;

(b) installing temporary plates in or boarding up openings containing such glass when necessary because of unavoidable delay in repairing or replacing such damaged glass;

(c) removing or replacing any obstructions, other window displays, when necessary in replacing such damaged glass, lettering or ornamentation.

3. The limit of the Company's liability for damage shall not exceed the actual cash value of the property at time of loss, nor what it would then cost to repair or replace the damaged property with other of the nearest obtainable kind and quality, nor the applicable limit of insurance stated in the Schedule; provided, however, *the limit of the company's liability under each of divisions (a), (b), or (c) of paragraph 2 hereof is $75 with respect to loss due to any one occurrence at any one location separately oc-* *cupied or designated for separate occupancy.* (emphasis added)

4. The Company may pay for the loss in money or may repair or replace the property. Any property so paid for or replaced shall become the property of the company.

5. The Loss Deductible Clause applying to Part 1 shall not apply to this endorsement.

 Plaintiff relies on the fundamental adage as indited in *Citizens Insurance Co. v. Kansas City Commercial Cartage, Inc.,* 611 S.W.2d 302, 307 (Mo.App.1980), that any exclusionary clause is to be construed most strongly against the insurer and most favorably for the insured; that the intention of the insurer must be expressed in clear and unambiguous terms. But applying that precept, we believe it obviously clear from the policy provisions that the $75.00 limitation for replacing and repairing the door frames and the $75.00 limitation for temporary boarding apply. The schedule which is a part of the endorsement specifically limits coverage to those doors and transoms listed, and plaintiff's witness acknowledged at trial that the doorway which was damaged was one of those included within the endorsement schedule. The limitation in the endorsement is unambiguous and its application to the situation apparent.

Plaintiff contends that the limitation does not apply as the Buder Building is occupied by several tenants, and the policy limitation applies only to "one location separately occupied or designated for separate occupancy." The trial court correctly rejected this contention in its judgment memorandum, as "[t]he loss in question occurred in one occurrence ... at one location ... which was separately occupied as an office building."

The limitations of the glass endorsement and their applicability to the door which was damaged are manifest and unambiguous. They are proper, explicit and do not violate public policy or statutory obligation. The limitations were properly applied in this case. *Famuliner v. Farmers Insurance Co.*, 619 S.W.2d 894, 897 (Mo.App.1981).

Judgment affirmed.

DOWD, P. J., and SIMON, J., concur.