**Tyson E. TATUM, Appellant,**

v.

**VAN LINER INSURANCE COMPANY OF FENTON, MISSOURI,**
**Appellee.**

No. 96–1391.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1996.

Decided Jan. 13, 1997.

Rehearing and Suggestion for Rehearing En Banc Denied Feb. 26, 1997.

Kenneth Koester, St. Louis, MO, argued (James F. Koester, on the brief), for appellant.

Robyn G. Fox, St. Louis, MO, argued (Brian R. Plegge, on the brief), for appellee.

Before WOLLMAN, ROSS and HANSEN, Circuit Judges.

ROSS, Circuit Judge.

Appellant Tyson Tatum appeals from the district court's [1] judgment entered in favor of appellee Van Liner Insurance Company on his personal injuries claim based on Van Liner's uninsured motorist coverage provision. We affirm.

On October 31, 1990, appellant was a passenger in a tractor trailer driven by William Tribble and owned by Hogan Transport, Inc. Tribble was forced to stop suddenly when an unknown vehicle, identified only as a red Ford Escort, swerved in front of the truck. When Tribble applied his brakes, the truck he was driving was struck from the rear by a second tractor trailer, driven by Mark Taylor. Appellant sustained serious and permanent injuries as a result of the accident, and he subsequently filed suit against Taylor and Taylor's employer, National Carriers. Appellant eventually received $150,000 in settlement of this claim.

Appellant then brought the present action against Van Liner Insurance Company, seeking sums under the uninsured motorist (UM) provision of a policy of insurance issued by Van Liner to Hogan Transport. The policy provided UM coverage in the amount of $50,000. The UM provision stated:

Any amount payable under this insurance shall be reduced by all sums paid by or for anyone who is legally responsible, includ-

ing all sums paid under the policy's liability coverage.

In its answer, Van Liner asserted as an affirmative defense that appellant had received in settlement an amount exceeding Van Liner's UM coverage and, therefore, pursuant to the policy setoff language, appellant was not entitled to additional sums under the Van Liner policy. Tatum moved to strike the affirmative defense based on the collateral source rule. The district court denied appellant's request to strike and granted Van Liner's motion to dismiss [2] based on its setoff claim.

On appeal, Tatum argues there is no authority to support a setoff to the uninsured motorist policy limits from a settlement with another joint tortfeasor. Although Missouri law generally holds that "[t]he statutory policy of Missouri forbids impairment of the prescribed minimum uninsured motorist coverage by another policy provision attempting to limit liability," *Webb v. State Farm Mut. Auto. Ins. Co.*, 479 S.W.2d 148, 154 (Mo.Ct. App.1972), Missouri courts have never addressed the issue presently before this court, namely whether an injured motorist may recover under a UM provision when he has already recovered far in excess of the statutory minimum UM amount from an insured motorist.

In *Ragsdale v. Armstrong*, 916 S.W.2d 783 (Mo.1996) (en banc), the defendant/tortfeasor had liability insurance in the amount of $10,000, well below the $25,000 minimum liability coverage required by the Motor Vehicle Financial Responsibility Law. *See* Mo.Rev. Stat. § 303.030.5 (providing that any Missouri automobile liability insurance policy must provide minimum coverage of $25,000 per person/$50,000 per accident). In a plurality opinion, the Missouri Supreme Court held that because the tortfeasor's liability policy did not meet the statutory minimum, the plaintiff qualified as an uninsured motorist and was allowed to recover under his two UM policies. Although the plaintiff's combined UM coverage under the two policies

---

1. The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

2. Because the district court considered evidence outside the pleadings in order to arrive at its decision, the court's ruling was, in effect, an order of summary judgment and we consider it such on appeal. Fed.R.Civ.P. 12(b).

contractually provided $150,000 in coverage, the majority allowed the plaintiff to recover only up to the $25,000 statutory minimum provided under Missouri law, or a total UM coverage of $50,000 under the two policies. Moreover, from this $50,000 minimum coverage under the two UM policies, the court subtracted the $10,000 already recovered from the inadequately insured tortfeasor.

Viewing the *Ragsdale* opinion as a whole, it offers very little guidance by the Supreme Court of Missouri, other than the end result which was to allow the setoff of UM coverage by other insurance recoveries. Though it is somewhat enigmatic, we read *Ragsdale* as an indication that the Missouri Supreme Court will allow recovery under a UM policy, even when the plaintiff has received some recovery under a motor vehicle liability policy, but only up to the statutory minimum, reduced by the amount already recovered. The focus in *Ragsdale* and the UM provision of Mo.Rev.Stat. § 379.203 is to ensure that an injured motorist has available at least the statutory minimum amount of recovery required by the Motor Vehicle Financial Responsibility Law, Mo.Rev.Stat. § 303.030.5. Because appellant in the present case has already received far in excess of the statutory minimum, the public policy of Missouri's UM statute is satisfied. As the setoff policy provision at issue here will not serve to reduce the statutorily-required minimum insured motorist coverage, we conclude the provision as applied does not conflict with public policy or Missouri law, and thus is valid. *See Douthet v. State Farm Mut. Auto. Ins. Co.,* 546 S.W.2d 156, 159 (Mo.1977) (en banc).

We also reject appellant's argument that Van Liner's setoff defense is barred by the collateral source rule. As an exception to the general rule that damages in tort should be compensatory only, the collateral source rule permits recovery against a wrongdoer for the full amount of damages even though the plaintiff is also compensated from a different source which is "wholly independent" of the wrongdoer and whose pay-

ment is therefore collateral to his. *Overton v. United States,* 619 F.2d 1299, 1306 (8th Cir.1980). Under this rule, "a wrongdoer" is not entitled to have damages for which he is liable reduced by amounts received by the claimant from a collateral source. *Id.* However, the application of the collateral source rule depends on proof that the plaintiff has contributed to the fund he claims as a collateral source. *Id.* at 1305–06. "The policy behind the collateral source rule simply is not applicable if the plaintiff has incurred no expense, obligation, or liability in obtaining the services for which he seeks compensation." *Washington v. Barnes Hosp.,* 897 S.W.2d 611, 620–21 (Mo.1995) (en banc) (citing with approval *Florida Physician's Ins. Reciprocal v. Stanley,* 452 So.2d 514, 515–16 (Fla.1984)).

We conclude the district court did not err in denying appellant's motion to strike and in granting judgment in favor of Van Liner. The judgment of the district court is affirmed.