Judith McDONNELL, Plaintiff–Respondent,

v.

ECONOMY FIRE & CASUALTY CO., Defendant–Appellant.

No. 70039.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 31, 1996.

William F. James, Lindsay A. Dibler, Wuestling & James, St. Louis, for Appellant.

Robert H. Pedroli, Daniel J. Gauthier, Joel E. Brown, Clayton, for Respondent.

KAROHL, Judge.

Defendant-Appellant, Economy Fire and Casualty Company (Economy) offers one claim of trial court error in support of its position it is entitled to summary judgment on plaintiff-insured's claim for medical expense incurred by her after a motor vehicle collision. The trial court rejected Economy's motion for summary judgment and granted Judith McDonnell's (insured) motion for summary judgment in the amount of the policy limits contained in a commercial automobile liability policy.

The point on appeal is:

> The Court erred in sustaining Plaintiff's Motion for Summary Judgment and in denying Defendant's Motion for Summary Judgment in that the clear and unambiguous language of Defendant's policy issued to plaintiff specifically and expressly excludes medical payment coverage for injuries sustained by a named insured while occupying a vehicle owned by the insured or available for an insured's regular use which is not a covered automobile.

We review the grant of summary judgment and the denial of summary judgment, de novo. *ITT Commercial Finance v. Mid-America Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). In the present case the basic facts are undisputed. Accordingly, the disputed issue is a matter of interpretation and application of an insurance contract, a matter of law. *Centermark Properties v. Home Indemnity Company,* 897 S.W.2d 98, 100 (Mo. App. E.D.1995). We accept the written policy as an expression of the parties' agreement and will give effect to the intentions of the parties as disclosed by clear and unambiguous language. *Childers v. State Farm Fire & Casualty Co.,* 799 S.W.2d 138, 140 (Mo. App.1990). Our duty is to interpret and enforce an insurance contract as written. *Protective Cas. Ins. Co. v. Cook,* 734 S.W.2d 898, 905 (Mo.App.1987).

The insured purchased an automobile liability insurance policy from Economy for their 1981 GMC pickup truck. The policy defines covered autos as those described on "the Declarations." The pickup truck owned by the insured is the only covered auto. The policy defined an insured as "any person occupying a covered auto or a temporary substitute for a covered auto." For purposes of this opinion there is no dispute that the insured's covered automobile, the 1981 GMC pickup truck, was out of service because of repairs and that Judith McDonnell, a named insured, was injured while operating a 1984 Chevrolet Camaro Z–28, owned by the insured, as a temporary substitute for the covered vehicle.

Economy refused to honor the insured claim because of an exclusion for auto medical payment coverage which reads:

C. EXCLUSIONS

This insurance does not apply to any of the following:

2. **Bodily injury** sustained by you or any **family member** while **occupying** or struck by any vehicle (other than a covered **auto**) owned by you or furnished or available for your regular use.

As applied to the present facts the unambiguous meaning of the exclusion is there is no medical payment coverage for bodily injury for insured while occupying an owned vehicle which is not a covered auto. The trial court found, on undisputed facts, Judith McDonnell was "insured" and the "Camaro was a temporary substitute for a covered auto at the time of the accident." It concluded the exclusion relied on by Economy could

not apply to the Camaro because it "would render the temporary substitute coverage non-existent." It then found "a temporary substitute for a covered auto is a 'covered auto' for purposes of the medical payments coverage, and that exclusion C.2 does not apply." In the alternative, the trial court considered the exclusion provisions ambiguous on the issue of coverage.

Applying the principles of review and rules for construction of insurance policies to the present case, we conclude the trial court erred in refusing to apply the exclusion provisions of the policy to insured's claim. The exclusion provisions withdraw coverage for medical expense during a time when the insured is operating a vehicle owned by insured but not a covered vehicle as that term is defined in the policy. The parties agreed no vehicle can be a "covered auto" unless it is described in the Declarations. There will be coverage for an insured operating a temporary substitute, providing that a temporary substitute is not an owned vehicle. There is nothing vague, uncertain, or ambiguous, about the exclusion. The named insured was informed by the provisions in the policy of the exclusion before she elected to use an owned, but uninsured, vehicle as a substitute automobile for a covered automobile. Such exclusions have been recognized and enforced. *Schuster v. Shelter Mutual Insurance Company*, 857 S.W.2d 381, 386 (Mo. App.1993).

Applying the exclusion for an owned vehicle, used as a temporary substitute, does not render the temporary substitute coverage non-existent. The policy would provide coverage for the use of any temporary substitute not within one of two excluded categories which were, owned or regularly used autos. The insured chose to use an owned vehicle as a temporary substitute. If she had chosen to use any vehicle other than an owned vehicle, or one not furnished or available for her regular use, then medical payment coverage would have applied. There is nothing unclear or ambiguous about the exclusion of medical payment coverage on an auto which the insured could have, but chose not to, insure.

The court erred in equating a temporary substitute automobile with a covered automobile. The clear provisions of the policy exclude that construction. The only covered automobile under the policy is one described in the Declarations. The terms are not interchangeable and the use of the terms interchangeably would be a revision of the contract. Courts cannot revise unambiguous contracts. There is medical payment coverage for an insured while occupying a temporary substitute only if the substitute vehicle is not owned or furnished or available for the insured's regular use. The requirement that an insured have an insurable interest in a covered auto would not necessarily apply to a rented or borrowed auto used as a temporary substitute. The choice of insurance coverage applies to autos which could be covered autos but not non-owned, rented or borrowed autos.

Medical payment coverage is not mandatory under Missouri law. In *Schuster*, the court addressed the issue of liability insurance, which is mandatory, and observed that the motor vehicle financial responsibility law does not establish a public policy requiring a finding of coverage on automobiles regularly available to an insured but which the insured elects not to cover. *Schuster*, 857 S.W.2d at 384. Similarly, for optional medical payment coverage, there is no legal reason to find coverage where the insured could have covered the vehicle which she owned and used as a temporary substitute but elected not to purchase insurance. She is bound by the exclusion.

We reverse and remand with directions that the trial court enter summary judgment for Economy Fire & Casualty Company.

RHODES RUSSELL, P.J., and SIMON, J., concur.