**HENGES MANUFACTURING, LLC, Kevin O'Meara, Ken Vortherms and Mark Ossness, Plaintiffs/Appellants,**

v.

**AMERISURE INSURANCE COMPANY, Defendant/Respondent.**

Nos. ED 75334, ED 75557.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 7, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 10, 1999.

Application to Transfer Denied Dec. 21, 1999.

Michael E. Kaemmerer, Brian E. McGovern and Robert A. Miller, Chesterfield, for appellants.

John A. Michener, St. Louis, for respondent.

KENT E. KAROHL, Judge.

 Plaintiffs Henges Manufacturing, LLC, Kevin O'Meara, Ken Vortherms and Mark Ossness (Henges) appeal summary judgment in favor of Amerisure Insurance Company (Amerisure) on its petition for declaratory judgment.[1] We review summary judgment on a pure issue of law essentially de novo. *ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The petition sought a declaration that Amerisure was obligated to defend Henges in a federal court lawsuit brought against Henges by Prest Rack, Inc. (Prest) and that it was obligated to indemnify Henges for damages, if any, resulting from the Prest lawsuit. Amerisure filed a motion for summary judgment. It alleged

Prest's complaint in the federal court did not state a cause of action for advertising injury within the meaning of the advertising injury coverage in the commercial liability policy it issued to Henges. In the alternative, it alleged Henges was not entitled to a judgment declaring coverage because, as a matter of law, Prest's alleged advertising injury arose out of a breach of contract, conduct excluded from coverage. The federal court lawsuit filed by Prest is also the basis of an appeal pending in this court in *Am. States Ins. Co. v. Vortherms, et al.,* 5 S.W.3d 538 (Mo.App.E.D.1999). The background and operative facts are the same for both cases. The legal issue of coverage for advertising injury in a commercial liability policy is the same. The terms of the policies considered in *Am. States Ins. Co.* and the present appeal are identical. Accordingly, we adopt the relevant portion of the facts and law in *Am. States Ins. Co.,* which will be published on the same date as this opinion. We conclude the trial court did not err in granting summary judgment by declaring that the subject policy provided no insurance coverage for Henges in defense of the federal complaint because that lawsuit does not allege a cause of action for advertising injury.

 Matters of interpretation and application of an insurance contract are matters of law. *McDonnell v. Economy Fire & Casualty Co.,* 936 S.W.2d 598, 599 (Mo. App. E.D.1996). A court must give meaning to all terms and, where possible, harmonize those terms in order to accomplish the intention of the parties. *Am. Family Mut. Ins. Co. v. Moore,* 912 S.W.2d 531, 533 (Mo.App. W.D.1995). Insurance contracts are designed to furnish protection, therefore, courts will interpret in favor of coverage rather than against it. *Pakmark Corp. v. Liberty Mut. Ins. Co.,* 943 S.W.2d 256, 258 (Mo.App.E.D.1997).

---

1. Plaintiffs/Appellants Ken Vortherms and Mark Ossness are sometimes referred to as Ken Votherms and Mark Osness. We adopt the former spellings of both, as set forth by the notice of appeal.

In the companion *Am. States Ins. Co.* case we hold that Prest failed to allege a cause of action against any of the defendants for "advertising injury" as that term is used by American States in its general commercial liability policy. In addition to what we described and held in the companion case, there are other reasons to affirm in this case. First, the policy definition of advertising injury involves four items, all involve the activity of oral and written communications by the insured with others. The Prest lawsuit depends upon communication activities of Henges with others. It does not allege misappropriation of advertising ideas. It may allege a use by Henges of the misappropriated computer program as a marketing tool, but advertising and marketing are not the same activity.

Second, Henges' reliance on *Sentex Sys., Inc. v. Hartford Accident & Indem. Co.*, 93 F.3d 578 (9th Cir.1996)[2] is misplaced. That case involves a misappropriation of marketing techniques, which were used to promote and advertise products of Sentex. *Id.* at 580–81. A former employee misappropriated the marketing techniques and promoted and advertised products of Sentex throughout the eastern United States. *Sentex Sys., Inc. v. Hartford Accident & Indem. Co.*, 882 F.Supp. 930, 940 (C.D.Cal. 1995). The court found these advertising activities were the basis of a suit brought by ESSI against Sentex. *Id.* Hartford and Sentex stipulated that the ESSI petition was based upon Sentex's pervasive advertising and promotional activities. *Id.* at 935. Prest did not allege in its federal complaint any advertising or promotional activities as a basis for its causes of action against Henges. We agree with an observation found in *Novell, Inc. v. Federal Ins. Co.*, 141 F.3d 983 (10th Cir.1998), where the court said, "whether or not the *Sentex* decision is correct, its underlying facts are different from those at hand." *Novell, Inc. v. Federal Ins. Co.*, 141 F.3d 983, 988

(10th Cir.1998). In *Novell, Inc.*, the plaintiff developed a computer program and entered into what was believed to be a partnership with Novell. Plaintiff in the underlying suit alleged Novell appropriated and usurped his research development and marketing effort and undermined his ability to market and license the program. The court held the allegations did not state a cause of action for theft of a "style of doing business" which requires allegations referring to a comprehensive manner of operating a business. *Id.* The petition in *Novell, Inc.* and the present Prest complaint do not meet this standard.

We do not reach the exclusion of coverage issues. We find there are no genuine issues of material fact in dispute. The facts support summary judgment declaring that the policy issued by Amerisure to Henges does not, as a matter of law, provide coverage for the defense or indemnity of Prest's lawsuit.

WILLIAM H. CRANDALL, Jr., P.J. and MARY K. HOFF, J. concur.

---

**2.** The district court opinion in the *Sentex Sys.* case is reported at 882 F.Supp. 930 (C.D.Cal. 1995). We use the facts from the district court opinion, as they are not set forth in the appellate opinion.