RESPONSE TIME, INC., Plaintiff—Appellant,

v.

HARTFORD FIRE INSURANCE COMPANY, Defendant—Appellee.

No. 02–17515.

D.C. No. CV–00–00582–HDM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided May 7, 2004.

---

Barry L. Breslow, Robison, Belaustegui, Robb & Sharp, Reno, NV, Lori M. Yankelevits, Howrey Simon Arnold & White LLP, Los Angeles, CA, for Plaintiff–Appellant.

Rebecca A. Rivenbark, Scott A. Glogovac, Burton, Bartlett & Glogovac, Reno, NV, for Defendant–Appellee.

Before WALLACE, KOZINSKI, and GRABER, Circuit Judges.

MEMORANDUM *

Response Time, Inc. (Response Time) appeals from summary judgment in favor of Hartford Fire Insurance Company (Hartford) and also appeals from the district court's denial of Response Time's Motion for Reconsideration Based on Newly Discovered Evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I.

We review de novo the district court's May 1, 2002, partial summary judgment. Viewing the evidence in the light most favorable to Response Time, we determine that there are no genuine issues of material fact and that the district court correctly applied the relevant substantive law. *See Lolli v. County of Orange,* 351 F.3d 410, 414 (9th Cir.2003); *see also* FED. R. CIV. P. 56(c).

■ The lawsuit filed against Response Time by Sterling Commerce, Inc. (Sterling) did not trigger Hartford's duty to defend. Sterling made no charges against Response Time "that 'arguably' or 'potentially' bring the suit under the . . . [advertising injury] provision[ ]" of the policy between Response Time and Hartford. *Associated Aviation Underwriters, Inc. v. Vegas Jet, L.L.C.,* 106 F.Supp.2d 1051, 1053 (D.Nev.2000); *see also Bidart v. Am. Title Ins. Co.,* 103 Nev. 175, 734 P.2d 732, 734 (1987) (per curiam). Response Time failed to raise triable issues of fact with regard to at least two of three elements the parties agree are necessary to invoke Hartford's duty to defend. *See Associated Aviation,* 106 F.Supp.2d at 1055.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

First, none of Sterling's allegations raise a potential for liability for the relevant offense named in the policy: "[m]isappropriation of advertising ideas or styles of doing business." Sterling's "claims for misappropriation of trade secrets" do not "relate to marketing and sales." *Sentex Sys., Inc. v. Hartford Accident & Indem. Co.*, 93 F.3d 578, 580 (9th Cir.1996). Rather, Sterling alleged that Response Time engaged in anticompetitive behavior in recruiting Humphrey, a Sterling employee who possessed confidential product and customer information, and consequently misappropriated Sterling's trade secrets and proprietary information. *Cf. id.* at 581. Sterling did not assert that Response Time's marketing method or style of doing business—faxing consultants' resumes to potential customers—was stolen from it.

Second, we agree with the district court that "Response Time did not demonstrate a causal nexus between advertising activity and the injuries sustained." When "the 'harm [averred by Sterling] . . . is allegedly caused by misappropriation of the [trade secret], not by the advertising itself,'" it is not based on an injury "aris[ing] out of" an offense committed in the course of advertising activity and thus falls outside the advertising injury clause. *Simply Fresh Fruit, Inc. v. Cont'l Ins. Co.*, 94 F.3d 1219, 1222 (9th Cir.1996) (second brackets in original), *quoting Microtec Research, Inc. v. Nationwide Mut. Ins. Co.*, 40 F.3d 968, 971 (9th Cir.1994). Advertising the results of Response Time's allegedly anticompetitive recruitment in an effort to solicit customers does not convert the theft into an "advertising injury."

## II.

■ The district court did not abuse its discretion in denying Response Time's motion for reconsideration of the May 1, 2002, summary judgment. *See Lolli*, 351 F.3d

at 414. Assuming arguendo that an excerpt of Sterling's appellate brief in the underlying litigation constituted "newly discovered evidence," *see* FED. R. CIV. P. 60(b)(2), Response Time failed to show that it was "of such magnitude that production of it earlier would have been likely to change the disposition of the case," *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir.2003) (internal quotations and citations omitted); *cf. Sentex Sys.*, 93 F.3d at 581.

## III.

Since Hartford's basis for denying coverage and not defending Response Time was reasonable under the policy, Hartford did not violate the implied covenant of good faith and fair dealing or commit the tort of bad faith. *See Guar. Nat'l Ins. Co. v. Potter*, 112 Nev. 199, 912 P.2d 267, 272 (1996). Hartford's alleged failure to contact Sterling's counsel to ascertain the exact nature of Sterling's lawsuit (as well as certain Hartford employees' alleged unawareness of the decision in *Sentex Systems*) does not present a triable issue of material fact as to any contractual or extra-contractual liability Hartford would incur for failing to conduct a reasonable inquiry and investigation. *See Anthem Elecs., Inc. v. Pac. Employers Ins. Co.*, 302 F.3d 1049, 1054 (9th Cir.2002).

Response Time's remaining state-law claims likewise are without merit.

AFFIRMED.